IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY BRODZKI, <br><br> Plaintiff, <br><br> v. <br><br> RICH WAHENDA, <br><br> Defendant. | Case No.: 12-cv-1620 JSC <br><br> **ORDER DISMISSING AMENDED COMPLAINT** |

Plaintiff Anthony Brodzki, proceeding pro se, filed this civil action against Defendant Rich Wahenda. On April 16, 2012, the Court granted Plaintiff's Application to Proceed in Forma Pauperis, but dismissed his complaint under 28 U.S.C. § 1915(e)(2).[1] The Court granted Plaintiff leave to amend his complaint and advised Plaintiff that his amended complaint must: 1) clearly and legibly state the specific facts supporting each claim and demonstrating that the claims are timely; 2) state a claim upon which relief could be granted; and 3) identify the bases for venue in this jurisdiction and personal jurisdiction of the Defendant. (Dkt. No. 6).

---

[1] On April 9, 2012, Plaintiff consented to the jurisdiction of a United States magistrate judge pursuant to 28 U.S.C. § 636(c).

On May 11, 2012, Plaintiff filed an Amended Complaint accompanied by a request for a temporary restraining order. (Dkt. No. 10). For the reasons set forth below, the Court finds that Plaintiff's Amended Complaint suffers from the same defects as the prior complaint and DISMISSES the Amended Complaint without leave to amend.

Pursuant to 28 U.S.C. § 1915(e)(2), a federal court must dismiss a case in which in forma pauperis status is granted, "if the allegation of poverty is untrue," or the action "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). For purposes of 28 U.S.C. § 1915, a frivolous claim is one that lacks an arguable basis in either law or fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). Allegations of a pro se litigant are held to less stringent standards than formal pleadings drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520-21 (1972)( per curiam). However, if it appears to a certainty that a plaintiff will not be entitled to relief under any set of facts that could be proven under the allegations of the complaint, the court may sua sponte dismiss the complaint or portions of it. Halet v. Wand Investment Co., 672 F.2d 1305, 1309 (9th Cir. 1982). A court may dismiss an in forma pauperis complaint sua sponte under 28 U.S.C. § 1915 when the claims lacks any basis in law or fact. Neitze, 490 U.S. at 328-330.

Here, the Amended Complaint alleges that Plaintiff went to see Marshall Wahenda on May 11 and 12, 2010 to discuss allegations that Plaintiff was raped thirty-four years ago in Chicago. Plaintiff alleges that during the course of this meeting, which also took place in Chicago, Marshall Wahenda told him that he would take Brodzki to talk with a psychologist for free. Instead, Defendant took Plaintiff to a hospital and "blocks my exit and forces me to stay in the emergency room." (Dkt. No. 10). Plaintiff was given a blood test by the emergency room nurse and then Defendant left Plaintiff at the hospital. Plaintiff was subsequently transported in an ambulance to "Madden." Plaintiff was voluntarily admitted to Madden (which the Court presumes is a mental health facility), although Plaintiff states that he signed in voluntarily under duress. Based on these allegations, Plaintiff seeks $20 million in damages for violation of his First, Fourth and Fifth Amendment rights. Plaintiff

seeks venue in the Northern District of California because he had been trying to move to California at the time these events occurred and discovered at this same time that one of the men he alleges raped him in Chicago in 1968 (who is not named as a defendant) now lives in California.

Plaintiff's Amended Complaint suffers from the same defects as his original Complaint. Plaintiff cannot state a claim on which relief could be granted against Defendant as his allegations of false imprisonment arose after Defendant left him, and further, Plaintiff inconsistently alleges that he was voluntarily admitted for treatment. In addition, Plaintiff has not established any basis for the Court to assert personal jurisdiction over Defendant Wahenda as Defendant neither resides in California nor is he alleged to have any contacts with California. See Schwarzenegger v. Fred Martin Motor Co., 374 F.3d 797, 801 (9th Cir. 2004) ("For a court to exercise personal jurisdiction over a nonresident defendant, that defendant must have at least minimum contacts with the relevant forum such that the exercise of jurisdiction does not offend traditional notions of fair play and substantial justice"). Similarly, the fact that a non-party allegedly lives in this District does not establish that venue is proper in this district instead of in the District Court for the Northern District of Illinois where the parties reside and the allegations took place.[2] See 28 U.S.C. § 1391(b). Accordingly, under Neitze there is no arguable basis in law for the Complaint and the Court dismisses the Complaint under 28 U.S.C. § 1915(e)(2)(B).

Generally, "[d]ismissal without leave to amend is improper unless it is clear ... that the complaint could not be saved by an amendment," Moss v. U.S. Secret Serv., 572 F.3d 962, 972 (9th Cir. 2009), and "a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995). However, "[t]he district court's discretion to deny leave to amend is particularly broad where plaintiff has previously amended the complaint." Cafasso,

---

[2] Plaintiff presumably filed the action here because he is barred from filing any further actions in the Northern District of Illinois by a pre-filing review order. See In Re: Anthony J. Brodzki, No. 10-4591, Dkt. No. 1 (N.D. Ill. July 23, 2010).

U.S. ex rel. v. Gen. Dynamics C4 Sys., 637 F.3d 1047, 1058 (9th Cir. 2011)(internal quotations and citations omitted).

Here, the Court previously granted Plaintiff leave to amend and instructed Plaintiff regarding the deficiencies in his complaint which he would need to cure on amendment. Plaintiff's Amended Complaint fails to articulate any cognizable legal claims against the Defendant and fails to establish personal jurisdiction over the Defendant or venue in this district. The Court therefore finds that the deficiencies in the Amended Complaint could not be cured by further amendment. The Amended Complaint is DISMISSED with prejudice.

Plaintiff's "Motion for Disclosure" (Dkt. No. 8), "Motion for Judge's Action" (Dkt. No. 9), and Motion for a Temporary Restraining Order (contained in the Amended Complaint) are DENIED as moot.

The Clerk shall close this file.

**IT IS SO ORDERED.**

Dated: May 17, 2012

_____
JACQUELINE SCOTT CORLEY
UNITED STATES MAGISTRATE JUDGE